FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JUL 2 AM 9 29

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHRISTOPHER SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT, INC. and JOHN DOE 1, whose true name and identity is unknown, <br><br> Defendants. | Case No. 1:13–CV–00117–ABJ |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION IN LIMINE

This is a personal injury action brought pursuant to 28 U.S.C. § 1332. Plaintiff alleges that he was injured when Defendant's employee lowered a pallet jack onto his foot. Plaintiff has alleged claims for vicarious liability and for negligent hiring, training, and supervision against Defendant. In the instant motion, Defendant has moved for partial summary judgment arguing that claims for negligent hiring, training, and supervision are superfluous and must be dismissed when the defendant employer admits that its employee was acting within the course and scope of his or her employment. For the following reasons, Defendant's motion is **GRANTED**.

### BACKGROUND

On March 2, 2012, Plaintiff Christopher Sanchez ("Sanchez") was at Defendant Home

1

Depot, Inc.'s ("Home Depot") store in Cheyenne, Wyoming. During his visit, he procured 1,900 pounds of tile and other materials that was loaded onto a pallet jack. Towards the end of Sanchez's visit, Bernard Volk negligently operated the pallet jack and lowered it onto Sanchez's foot. [ECF No. 54 at ¶¶8, 9, 20-23]. Home Depot has admitted that Mr. Volk was Home Depot's employee and that he was acting within the course and scope of his employment when he negligently operated the pallet jack. [*Id.* at ¶¶ 8, 9, 12, 20-24]. Home Depot has also admitted that Mr. Volk was 100% at fault for the accident.

In his Complaint, Sanchez has alleged a vicarious liability claim against Home Depot for Mr. Volk's negligent operation of the pallet jack. [ECF No. 2 at ¶¶ 20-25]. Sanchez has also brought direct claims of negligent hiring, training, and supervision against Home Depot as a result of injuries he sustained. [*Id.* at ¶¶ 15-18]. Home Depot now moves for summary judgment as to Sanchez's negligent hiring, training, and supervision claims. [ECF No. 35].

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013).

The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## DISCUSSION

In its motion for summary judgment, Home Depot argues that Sanchez's negligent hiring, training, and supervision claims cannot be maintained when an employer admits that its

3

employee was acting within the course and scope of his or her employment. Sanchez argues that the Wyoming Supreme Court would follow the "minority" view to allow direct negligence claims to continue even after an employer has admitted that it is vicariously liable for its employee's negligence. In the alternative, Sanchez argues that the Wyoming Supreme Court would apply the "generally recognized exception" that direct negligence claims can be maintained where the evidence is sufficient to establish punitive damages against the employer.

This is a diversity case in which this Court must apply Wyoming state law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (when sitting in diversity, federal court must apply law of forum state as declared by that state's highest court or legislature). If there is no applicable statute or if the Wyoming Supreme Court has not spoken on an issue, this Court must determine how it believes that court would rule if confronted with a question. *Frontier Refining Inc., v. Gorman–Rupp Co., Inc.*, 136 F.3d 695, 700 (10th Cir.1998) (where Wyoming Supreme Court has not directly announced a definitive test on issue, federal court must predict how that court would resolve issue); *Jacobs v. Dista Products Co.*, 693 F.Supp. 1029, 1031 (D.Wyo.1988) (where no controlling state law, federal court must make its "best estimate" of how state's highest court would rule). In making this determination, this Court considers "other state-court decisions, well-reasoned decisions from other jurisdictions, and any other available authority to determine the applicable state law." *Id. Accord Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir.1988).

First of all, the Court notes that this legal issue has not been directly addressed by the Wyoming Supreme Court. The majority of jurisdictions which have considered this issue have determined that "it is improper to allow a plaintiff to proceed against [a principal] on the independent negligence theories of negligent entrustment and negligent hiring or training" after

4

the principal "has already admitted liability under the doctrine of *respondeat superior*." *Wise v. Fiberglass Sys., Inc.*, 718 P.2d 1178, 1181 (Idaho 1986). *See Prosser v. Richman*, 50 A.2d 85 (Conn. 1946); *Armenta v. Churchill*, 267 P.2d 303 (Cal. 1954); *Houlihan v. McCall*, 78 A.2d 661, 665 (Md. 1951); *Nehi Bottling Co. v. Jefferson*, 84 So. 2d 684 (Miss. 1956); *Elrod v. G & R Construction Co.*, 628 S.W.2d 17 (Ark. 1982); *McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995); *Rodgers v. McFarland*, 402 S.W.2d 208, 210 (Tex. App. 1966); *Clooney v. Geeting*, 352 So.2d 1216, 1220 (Fla.App. 1977); *Hackett v. Wash. Metro. Area Transit Auth.*, 736 F.Supp. 8 (D.D.C. 1990); *Ortiz v. N.M. State Police*, 814 P.2d 17 (N.M. Ct. App. 1991); *Bartja v. Nat'l Union Fire Ins. Co.*, 463 S.E.2d 358 (Ga. Ct. App. 1995); *Karoon v. New York City Transit Auth.*, 241 A.D.2d 323 (N.Y. App. Div. 1 1997): *Gant v. L.U. Transport, Inc.*, 770 N.E.2d 1155 (Ill. App. Ct. 2002).

Those courts that have adopted the majority rule "have also generally recognized an exception to the rule whereby a plaintiff may bring a claim based on negligent hiring or retention along with its claims under respondeat superior when the plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee." *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1081 (10th Cir. 2010) (citing cases) (internal quotations omitted).

On the other hand, a minority of jurisdictions have found that an employer's negligent training, hiring, or supervision constitutes an independent cause of action which should be allowed to stand regardless of an admission of vicarious liability for an employee's negligent actions. *See, e.g., Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213 (Kan. 1998); *Perin v. Peuler*, 130 N.W.2d 4 (Mich. 1964); *Clark v. Stewart*, 185 N.E. 71 (Ohio 1933); *James v. Kelly Trucking Co.*, 661 S.E.2d 329 (S.C. 2008).

The Wyoming Supreme Court has indirectly touched on this issue in *Beavis ex rel. Beavis v. Campbell Cnty. Mem'l Hosp.*, 20 P.3d 508 (Wyo. 2001). *Beavis* involved a nurse's allegedly negligent injection of allergy medicine. The plaintiffs brought suit against the nurse, her supervising doctor, and the hospital which employed them both. The trial court bifurcated the claims against the nurse from the claims against her supervising doctor and their employer. The jury in that case returned a verdict in favor of the defendant nurse, and the trial court entered judgment in favor of her supervisor and employer. The Wyoming Supreme Court affirmed the trial court's ruling because any alleged breach in their respective duties to supervise/train or hire "could not be the proximate cause of [the plaintiffs'] injuries unless the predicate negligence of [the nurse] [had been] found." *Id.* at 516. In dicta, the Court stated that the plaintiffs "would have later been entitled to establish their claims against" the supervising doctor and employer and "a jury determination on comparative fault" if the plaintiffs would have established the nurse's underlying negligence. *Id.* at 516-517.

The instant case, however, poses an issue distinguishable from the facts of *Beavis*. In this case, the employer, Home Depot, has accepted that its employee was 100% at fault for Sanchez's injuries. Thus, there is no comparative fault to be determined. Allowing the claims of negligence hiring, training, and supervision to proceed would not open the door to additional damages. Instead, it would merely "result in the time-consuming introduction of unnecessary evidence to establish what training" a pallet jack operator should receive, whether in fact Home Depot's employee received it, etc. when Home Depot will be held 100% liable for Sanchez's damages. *Wernke v. Powder River Coal, LLC*, Case No. 08-CV-00132-WFD, ECF No. 48 (D.Wyo. 2009).

Additionally, Plaintiff's Complaint does not currently state a claim for punitive damages. Therefore, the "generally recognized exception" to the majority rule is inapplicable in this instance. *See Swift Transp. Co.*, 616 F.3d at 1081. Thus, this Court finds that the Wyoming Supreme Court would apply the majority rule to bar Sanchez's claims for negligence hiring, training, and supervision under this set of facts.

Therefore, Defendant Home Depot's motion for partial summary judgment and motion in limine, ECF No. 35, is **GRANTED**. Accordingly, Plaintiff's claims for negligent hiring, training, and supervision in its Complaint, ECF No. 2, are hereby **DISMISSED**, and the Court **ORDERS** that introducing evidence regarding Home Depot's hiring, training, and supervision of its employees shall be prohibited at trial.

Dated this ___1st___ day of July, 2014.

*Alan B. Johnson*
Alan B. Johnson
United States District Judge